UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Salahuddin Fard Smart, | Case No. 2:25-cv-00242-CDS-BNW |
| Plaintiff | **Order Adopting the Magistrate Judge's Report and Recommendation and Closing the Case** |
| v. | |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants | [ECF No. 8] |

      Pro se plaintiff Salahuddin Smart brings this civil rights action alleging due process violations and seeking injunctive relief. Compl., ECF No. 7. United States Magistrate Judge Brenda Weksler screened Smart's complaint under 28 U.S.C. § 1951(e) and found that she "[could] not evaluate whether Plaintiff states any claims for relief." Order, ECF No. 6 at 2. As such, she dismissed the complaint, giving Smart until November 10, 2025, to amend. *Id.* at 3. After the deadline passed without Smart filing an amendment, Judge Weksler issued a report and recommendation (R&R) that I dismiss this case for Smart's failure to file an amended complaint by the court-ordered deadline. R&R, ECF No. 8.

      Smart had until December 5, 2025, to file any objections to the magistrate judge's R&R. *Id.* at 3 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to the findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). That deadline also passed, and no objection is filed. The law is clear that "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Given Smart's failure to comply with the court's order to file an amended complaint, Judge Weksler considered the *Henderson v. Duncan* dismissal factors and found they weighed in favor of dismissal. ECF No. 8 at 2 (citing 779 F.2d 1421, 1424 (9th Cir. 1986)). I agree. This action cannot proceed without an operative complaint. Moreover, a party's failure to comply with a court order constitutes grounds for dismissal under Federal Rule of Civil Procedure 41(b); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss an action for failure to comply with any order of the court."). I therefore accept the R&R in its entirety and dismiss this action.[1]

## Conclusion

It is hereby ordered that the magistrate judge's report and recommendation **[ECF No. 8] is accepted and adopted in full**, therefore this action is dismissed. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: December 10, 2025

_____
Cristina D. Silva
United States District Judge

---

[1] Although Smart updated his address, the court's order to the new address was returned as undeliverable with the stamp "Inmate no longer here." ECF Nos. 5, 9. Because this action cannot realistically proceed without the ability for the court to send Smart case-related documents, the only alternative to dismissal is to enter another order setting another deadline. But without an updated address, the likelihood that order would even reach Smart is nonexistent, and issuing another order will only delay the inevitable. So I agree that setting another deadline is not a meaningful alternative given these circumstances.